IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

Full Caption of Later Filed Case:

Jacob Floro, on behalf of himself and all others similarly situated,

Plaintiff

vs.

Garza Food Ventures, LLC dba Siete Foods and PepsiCo, Inc.

Defendant

Case Number 1:26-cv-08115

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Andrew Golden, individually and on behalf of all others similarly situated,

Plaintiff

vs.

PepsiCo, Inc.

Defendant

Case Number

7:26-CV-07389

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open (If so, set forth procedural status and summarize any court rulings.)

Golden v. PepsiCo, Inc. was filed in the Southern District of New York (White Plains) on August 31, 2026 and assigned to Judge Philip M. Halpern. No answer has been filed, and no rulings have been made yet.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The Cases are related under Rule 13 for the Division of Business Among District Judges. First, both actions concern the same or substantially similar parties and events. Both Plaintiffs filed suit against Defendant PepsiCo, Inc. alleging that PepsiCo, Inc. falsely advertised certain Siete products as being made with avocado oil when that was not the case. Second, there is substantial factual overlap because Defendant PepsiCo, Inc.'s conduct is central to whether or not the challenged products are falsely advertised in both matters, and both matters challenge the same products. As such, a determination of relatedness is necessary to avoid duplication of effort and expense, delay and undue burden on the court parties and witnesses.

Signature: [signature] Date: 9/17/26

Firm: Shamis & Gentile, P.A.